```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   Criminal No. 02-00130 HG-01
                               )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
HERMAN G. LEMUSU, aka EMANI    )
SAVUSA, aka KONG, aka POP,     )
                               )
                               )
          Defendant.           )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES (ECF No. 360)**

Defendant Herman Lemusu, proceeding pro se, has filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.

Defendant's Motion for a Reduction in Sentence (ECF No. 360) is **GRANTED**.

### PROCEDURAL HISTORY

On March 20, 2003, the United States filed an eleven-count Third Superseding Indictment as to Defendant Herman Lemusu ("Defendant") and another co-defendant. The Third Superseding Indictment charged Defendant as follows:

1

**Count 1**: Conspiracy to distribute with intent to distribute and manufacture 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.

**Count 2**: Conspiracy to commit money laundering in violation of 18 U.S.C. §§ 2 and 1956(h).

**Count 3**: Distribution of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**Counts 4**, **5**, and **6**: Money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i).

Counts 7 through 11 of the Third Superseding Indictment charged a co-defendant and did not present allegations against Defendant. (ECF No. 88).

On April 18, 2003, Defendant was found guilty of Counts 1, 2, 3, 4, 5, and 6 of the Third Superseding Indictment following a jury trial.  (ECF Nos. 124; 125).

On November 21, 2003, a Presentence Investigation Report was prepared by the Probation Office.  The Presentence Investigation Report stated that for Counts 1, 2, 3, 4, 5, and 6, Defendant had a base offense level of 36, a total offense level of 42, and a criminal history category of I.  (PSR at pp. 15-17; ¶¶ 43-56, ECF No. 175).  The base offense level of 36 was computed from Defendant's underlying drug offenses, as charged in Counts 1 and

3 of the Third Superseding Indictment.  (Id. at p. 15; ¶ 43). The Presentence Investigation Report stated that Defendant's base offense level was 36, as Defendant was accountable for 1,031.4 grams of "ice."  (Id.)  The drug quantity table at that time stated that the base offense level for offenses involving at least 500 grams but less than 1.5 kilograms of "ice" is 36. (Id.); U.S.S.G. § 2D1.1(c)(2) (2002).

The sum of Defendant's total offense level and criminal history category yielded a sentence guideline range of 360 months to life imprisonment.  (PSR at p. 21; ¶ 82).  The Presentence Investigation Report recognized that as to the money laundering offenses in Counts 2, 4, 5, and 6, the term of imprisonment was statutorily limited to 240 months.  (Id.)

On December 1, 2003, the Court sentenced Defendant to 360 months imprisonment as to Counts 1 and 3, and 240 months as to Counts 2, 4, 5, and 6, all terms to run concurrently.  Defendant was also sentenced to 5 years supervised release.  (ECF No. 167).

On December 10, 2003, Judgment was entered as to Defendant. (ECF No. 169).

On December 11, 2003, Defendant filed a notice of appeal. (ECF No. 170).

On June 9, 2005, the Ninth Circuit Court of Appeals affirmed Defendant's conviction, but remanded his sentence for a determination as to whether the Court would have sentenced

Defendant differently pursuant to United States v. Booker, 543 U.S. 220 (2005), which held that federal sentencing guidelines are advisory and subject to jury trial requirements of the Sixth Amendment.  (ECF No. 191).

On August 17, 2005, the Court filed an order adopting the December 10, 2003 Judgment and declining to re-sentence Defendant.  (ECF No. 204).

On September 6, 2005, Defendant filed a notice of appeal as to the Court's August 17, 2005 order.  (ECF No. 206).

On December 13, 2006, the Ninth Circuit Court of Appeals affirmed the Court's August 17, 2005 order declining to re-sentence Defendant and adopting the December 10, 2003 Judgment. (ECF No. 261).

On April 16, 2007, the Supreme Court of the United States denied Defendant's petition for writ of certiorari.  Herman Lemusu v. United States, 549 U.S. 1357 (2007).

On October 3, 2016, Defendant filed a MOTION UNDER TITLE 18 U.S.C. § 3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES § 1B1.10(d) FOR REDUCTION OF SENTENCE BASED ON THE RETROACTIVE EFFECTS OF GUIDELINE AMENDMENT 782.  (ECF No. 360).

On November 17, 2016, the United States filed UNITED STATES' MOTION FOR EXTENSION TO FILE ITS RESPONSE.  (ECF No. 362).

On November 21, 2016, the Court granted the United States' motion for extension of time and ordered that the United States

4

file its Response on or before November 25, 2016.  (ECF No. 363).

On November 21, 2016, the United States filed GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 3582(c)(2).  (ECF No. 364).

The deadline for Defendant to file a Reply was December 19, 2016.  Defendant did not file a Reply.

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o), (u).  The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in

sentence.  Dillon, 560 U.S. at 827.  If the first step of the analysis is satisfied, the Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether a reduced sentence is warranted.  Id.; U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii).

**I.   Defendant is Eligible for a Sentence Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines**

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  Amendment 782 reduced some of the base offense levels by two levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11 and applies retroactively.  U.S.S.G. §§ 1B1.10(d), (e)(1).

Amendment 782 to the United States Sentencing Guidelines lowered the base offense level applicable to Defendant by two levels.

At Defendant's December 1, 2003 sentencing, he had a total offense level of 42 and a criminal history category of I for a guideline range of 360 months to life imprisonment.

The Parties agree that pursuant to Amendment 782 to United States Sentencing Guidelines, Defendant now has a total offense level of 40 and a criminal history category of I for an amended guideline range of 292-365 months imprisonment.

**II.  A Reduction in Defendant's Sentence is Warranted Based on the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a)**

18 U.S.C. § 3553(a) provides the following factors that a

district court must consider when sentencing a criminal defendant:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

(3) the kind of sentences available;

(4) the applicable category of offense committed by the defendant as set forth in the guidelines;

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i).

Defendant, with support from the Government, requests that the Court reduce his sentence from 360 months to 292 months as to each of Counts 1 and 3. (Def. Motion at p. 1, ECF No. 360; Gov't Resp., ECF No. 364).

The Court finds that a reduction in Defendant's sentence to 292 months imprisonment is warranted. The reduction in Defendant's sentence is appropriate considering Defendant's criminal history and his significant health issues. Reducing

Defendant's sentence to 292 months is consistent with the United States Sentencing Commission's policy to lower the sentences of previously convicted individuals based on the quantity of drugs involved.

Defendant concedes that he has been disciplined while in prison, but explains that none of the incidents for which he was disciplined were serious.  The Bureau of Prisons disciplinary record concerning Defendant indicates that Defendant has already faced appropriate sanctions for his infractions.  (Ex. 1 of Def. Motion, ECF No. 360-2).  Defendant has also provided evidence that he obtained his GED while in prison, and has subsequently participated in various educational courses. (Inmate Education Data, attached as Ex. B to Def. Motion, ECF No. 360-1).

The Court finds that a reduction in Defendant's sentence is warranted given his amended sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a).

Defendant's Motion for Sentence Reduction (ECF No. 360) is **GRANTED**.

Defendant's sentence, as to each of Counts 1 and 3 of the Third Superseding Indictment, is reduced from 360 months to 292 months imprisonment, all terms to run concurrently.

## CONCLUSION

Defendant's a MOTION UNDER TITLE 18 U.S.C. § 3582(c)(2) AND

UNITED STATES SENTENCING GUIDELINES § lBl.10(d) FOR REDUCTION OF SENTENCE BASED ON THE RETROACTIVE EFFECTS OF GUIDELINE AMENDMENT 782 (ECF No. 360) is **GRANTED**.

The Court reduces the sentence of Defendant Herman Lemusu from 360 months to 292 months imprisonment as to each of Counts 1 and 3 of the Third Superseding Indictment, all terms to run concurrently.  All other aspects of Defendant's sentence remain unchanged.

The effective date of this Order is December 19, 2016.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 21, 2016.



_____
Helen Gillmor
United States District Judge

United States of America v. Herman G. Lemusu, aka Emani Savusa, aka Kong, aka Pop, Crim. No. 02-00130 HG-01; **ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES (ECF NO. 360)**

9