IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 02-00130 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HERMAN LEMUSU, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER RECOMMENDING DEFENDANT HERMAN LEMUSU FOR RDAP PROGRAM BUT DENYING DEFENDANT'S MOTION TO AMEND/CORRECT P.S.I. ON ALCOHOL AND DRUG USE (ECF No. 375)**

On December 1, 2003, Defendant Herman Lemusu was sentenced to 360 months imprisonment as to Counts 1 and 3, and 240 months as to Counts 2, 4, 5, and 6, all terms to run concurrently. Sixteen years later, Defendant filed a document entitled "Motion to Amend/Correct P.S.I. on Alcohol and Drug Use." Defendant seeks to amend his 2004 Presentence Investigation Report to allow him to be eligible for the Residential Drug Abuse Program.

The Court recommends Defendant be admitted to the Residential Drug Abuse Program, but the Court lacks the authority to modify the Presentence Investigation Report.

Defendant's "Motion to Amend/Correct P.S.I. on Alcohol and Drug Use" (ECF No. 375) is **DENIED**.

**BACKGROUND**

**I.   The Indictment**

On March 20, 2003, the grand jury returned an eleven-count Third Superseding Indictment as to Defendant Herman Lemusu and another co-defendant.  The Third Superseding Indictment charged Defendant as follows:

**Count 1:**   Conspiracy to distribute with intent to distribute and manufacture 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.

**Count 2:**   Conspiracy to commit money laundering in violation of 18 U.S.C. §§ 2 and 1956(h).

**Count 3:**   Distribution of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

**Counts 4, 5,** and **6:**
Money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(I).

On April 18, 2003, the Jury found Defendant guilty of Counts 1, 2, 3, 4, 5, and 6 of the Third Superseding Indictment.  (ECF Nos. 124, 125).

**II.  THE PRESENTENCE INVESTIGATION REPORT AND SENTENCING**

The Probation Office prepared a Presentence Investigation Report which was filed on January 12, 2004.  (ECF No. 175).  The Presentence Investigation Report calculated Defendant's total base offense level as 42 and criminal history category as I.  The

guideline range for imprisonment was 360 months to life.  (PSR at ¶ 82, ECF No. 175).

In the Presentence Investigation Report, the Probation Officer made the following finding concerning Defendant's history of substance abuse: "The defendant reported that he does not have a history of alcohol or drug use."  (PSR at ¶ 73, ECF No. 175).

On December 1, 2003, the Court held a sentencing hearing. Defendant did not object to the PSR's finding that he reported no history of alcohol or drug use.  The Court sentenced Defendant to 360 months imprisonment as to Counts 1 and 3, and 240 months as to Counts 2, 4, 5, and 6, all terms to run concurrently.  (ECF Nos. 167, 169).

Judgment was filed on December 10, 2003.  (Judgment, ECF No. 169).  The Court recommended to the Bureau of Prisons that Defendant receive drug treatment.  (Judgment at p. 3, ECF No. 169).

On December 21, 2016, the Court issued an ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES.  (ECF No. 365).  Defendant's sentence was lowered from 360 months to a total of 292 months imprisonment.  (Id.)

On July 8, 2019, Defendant filed a document entitled, "Motion to Amend/Correct P.S.I. on Alcohol and Drug Use."  (ECF No. 375).

## ANALYSIS

### I. DEFENDANT'S REQUEST TO AMEND THE PRESENTENCE INVESTIGATION REPORT

On July 8, 2019, Defendant filed a motion to amend his Presentence Investigation Report ("PSR"). (ECF No. 375). The PSR provided that: "The defendant reported that he does not have a history of alcohol or drug use." (PSR at ¶ 73, ECF No. 175). Defendant did not object to this finding in the PSR at his December 1, 2003 sentencing hearing.

Defendant now requests that the Probation Officer's finding that Defendant reported that he does not have a history of substance abuse be changed. Defendant requests that the Court permit him to amend his response in the PSR in order to allow him to enter the Federal Bureau of Prison's Residential Drug Abuse Program ("RDAP").

Defendant's Motion requests as follows:

> ... amend/correct the answer to the question of alcohol and drug use on page 22 of P.S.I. where I said yes to said question and just now discovered thru my case mgr. that my P.S.I. says no to alcohol and drug use which disqualifies me from the RDAP program (drug and alcohol program) that offers a year off your sentence after completing said program.

(Motion at p. 1, ECF No. 375).

### II. THE COURT LACKS JURISDICTION TO CONSIDER DEFENDANT'S REQUEST

Defendant requests the Court to modify the January 12, 2004

4

PSR. (ECF No. 175). The Court lacks the authority to order such a modification. United States v. Cripps, 2017 WL 1115972, at *1 (E.D. Cal. March 27, 2017).

Federal Rule of Criminal Procedure 32(c) requires a probation officer to conduct a presentence investigation and issue a PSR, which the Court must consider in sentencing the defendant. See Fed. R. Crim. P. 32(c); Cripps, 2017 WL 1115972, at *1. Rule 32(f) provides that within 14 days after receiving the PSR, a defendant may make objections to "material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."

Defendant did not timely object to the finding in Paragraph 73 of the PSR that Defendant reported that he had no history of substance abuse. The Court lacks jurisdiction to now alter the PSR as Defendant requests.

The district court's jurisdiction over the defendant becomes limited after the district court has heard objections to the PSR and has imposed a sentence. See Fed. R. Crim. P. 32; Cripps, 2017 WL 1115972, at *1. The district court has "no jurisdiction under Fed. R. Crim. P. 32 to entertain a challenge to a post-sentence report after the sentence has been imposed." United States v. Freeny, 841 F.2d 1000, 1002 (9th Cir. 1988) (Rule 32 allows challenge to presentence report during imposition of sentence, not later).

No other rule in the Federal Rules of Criminal Procedure provides for post-sentence correction or amendment of a PSR. See Fed. R. Crim. P. 35(e) (district court may correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after imposition of sentence); Fed. R. Crim. P. 36 (district court may correct a "clerical error" in a judgment at any time); see Cripps, 2017 WL 1115972, at *1.

Defendant did not object to Paragraph 73 in the PSR prior to sentencing or at sentencing. Defendant submitted objections to the PSR. (Addendum to the PSR, ECF No. 175). Defendant filed a Sentencing Statement and a Supplemental Sentencing Statement. (Addendum to the PRS, ECF No. 175). Defendant objected to calculation of the offense level in the PSR. (Addendum to the PSR, ECF No. 175). Defendant did not raise any objections challenging the finding that he did not have a history of alcohol or drug use in the PSR. (PSR at ¶ 73, ECF No. 175).

The Court continues to recommend that the Defendant be admitted to the RDAP program but the Court lacks jurisdiction to consider Defendant's untimely request to amend his 2004 Presentence Investigation Report.

## **CONCLUSION**

The nature of Defendant's convictions and his own statements support his being admitted to the RDAP program but the Court

lacks the authority to modify the Presentence Investigation Report.

Defendant's "Motion to Amend/Correct P.S.I. on Alcohol and Drug Use" (ECF No. 375) is **DENIED**.

IT IS SO ORDERED.

DATED: September 4, 2019, Honolulu, Hawaii.



Helen Gillmor
United States District Judge